940 F.2d 653
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
F. Peter SIMMONS, Plaintiff,
v.
P & P CONTRACTORS, INCORPORATED, Defendant-Appellant,
Galbreath-Ruffin Corporation, the Weihe Partnership,
Colonial Village Center, Incorporated, Colonial Village
Center Associates, Defendants-Appellees,
and
Jorge Ayala, Tiber Construction Company, Colonial Village,
Incorporated, Mobil Land Development Corporation,
Defendants.
 No. 90-1536.
 United States Court of Appeals, Fourth Circuit.
 Argued May 7, 1991.
Decided July 22, 1991.
As Amended Aug. 13, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-89-917-A)
 Kelly Ann Saunders, Carr, Goodsen & Lee, Fairfax, Va., for appellant.
 Peter Andrew Teumer, Siciliano, Ellis, Dyer & Boccarosse, Fairfax, Va., Arthur T. Kornblut, Kornblut, Sokolove & Farber, Chevy Chase, Md. (Argued), for appellees; Joseph P. Dyer, SICILIANO, ELLIS, DYER & BOCCAROSSE, Fairfax, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and ELIZABETH V. HALLANAN, United States District Judge for the Southern District of West Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This appeal is from an order entered by the district court requiring a construction subcontractor to indemnify an architect for attorneys' fees and costs incurred in litigation. For reasons set forth below, we affirm.
 
 
 2
 On June 25, 1987, F. Peter Simmons approached a handicapped restroom on the eighth floor of the office building where he worked, only to be struck in the head by the restroom door as Jorge Ayala exited. Ayala was an employee of Defendant-Appellant P & P Contractors, Incorporated ("P & P"), a subcontractor then performing work on the building. Simmons subsequently filed a personal injury action against Ayala, P & P, as well as the general contractor, architect, property manager and owners of the building. All of the defending parties settled with Simmons before trial except Ayala and P & P. At trial, the jury returned a verdict in favor of Ayala and P & P and against Simmons.
 
 
 3
 Prior to the trial, Defendants-Appellees Colonial Village Center, Inc., Colonial Village Center Associates and Galbreath-Ruffin Corporation ("Colonial") and The Weihe Partnership ("Weihe") filed cross claims against P & P for indemnification pursuant to an indemnity clause contained in the subcontract between P & P and the general contractor. Colonial possessed ownership rights in the building while Weihe served as the architect. Located at paragraph 12 of the subcontract, the indemnity clause provides in pertinent part:
 
 
 4
 Indemnity. Subcontractor agrees to defend, indemnify, and hold harmless Contractor, Developer and Owner, and their agents and employees, from and against any claim, cost, expense or liability (including attorneys' fees), attributable to bodily injury, sickness, disease or death, or to damage or destruction of property (including loss of use thereof) caused by, arising out of, resulting from or occurring in connection with the performance of the Work by the Subcontractor, its subcontractor, or their agents or employees, whether or not caused in part by the active or passive negligence or other fault of a party indemnified hereunder....
 
 
 5
 At a hearing on the cross claims, the district court held that both Weihe and Colonial were entitled to indemnification from P & P under the indemnity clause for expenses incurred in the Simmons litigation.* In issuing its ruling the district court determined that Weihe was an agent of Colonial within the meaning of the indemnity clause.
 
 
 6
 On appeal, P & P contends that the district court erred in finding Weihe as an agent of Colonial inasmuch as Weihe failed to put on evidence to establish an agency relationship with Colonial. The determinative test establishing agency is whether there exists a right to control. Wells v. Whitaker, 207 Va. 616, 151 S.E.2d 422 (1966). The presentation of evidence is not required to establish agency. Agency may be proved by unambiguous written documents. Butterworth v. Integrated Resources Equity Corp., 680 F.Supp. 784, 790 (E.D.Va.1988); Drake v. Livesay, 231 Va. 117, 341 S.E.2d 186 (1986); Murphy v. Holiday Inns, Inc., 216 Va. 490, 219 S.E.2d 874 (1975). The district court correctly held that Weihe enjoyed an agency relationship with Colonial. The agreement for architectural services entered into by the parties established Colonial's control over the design, bidding and construction phases of the building and detailed Weihe's participation and responsibilities in each phase. We find the agreement unambiguous and illustrative of Colonial's control over Weihe.
 
 
 7
 P & P next assigns error to the district court finding that Ayala's use of and exit from the restroom arose out of the performance of work within the meaning of the indemnity clause. In reviewing the indemnity clause, we are to determine what the parties agreed to as evidenced by the words they have used. W.F. Magann Corp. v. Virginia Carolina Electrical Works, Inc., 203 Va. 259, 123 S.E.2d 377 (1962). The Court finds that P & P agreed to broad indemnification of Colonial and Weihe "arising out of, resulting from, or occurring in connection with performance of the work by the subcontractor, its subcontractors, or their agents or employees...." Ayala was at work in the building for P & P the day of the underlying incident with Simmons. He performed his work duties before and after the incident. Like employees everywhere, Ayala used the restroom out of personal necessity during the work day. We believe that the use of the restroom by Ayala, though personal, was in connection with the performance of his work within the meaning of the indemnity clause and also within the scope of his employment.
 
 
 8
 Finally, P & P contends that the district court erred in ordering indemnification after the jury found P & P not negligent at the earlier trial. P & P would like us to read the indemnity clause to require indemnification only when P & P is negligent. We cannot do so given the clear language of the indemnity clause. P & P agreed to indemnify for losses that occur in connection with the performance of the work, not to losses attributable to negligent acts of P & P. As the plain meaning of the clause is clear, we decline to read into the clause a negligence standard of indemnification for the benefit of P & P. Id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 In the course of the Simmons litigation, Weihe spent $50,500 in attorneys' fees and $11,451.21 in costs. Ultimately, Simmons settled his claims against the architect for $15,000. Colonial did not generate attorneys' fees during the litigation and settled for $25,000